UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| VICKIE MARIE GUZMAN,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | No. ED CV 14-00597-VBK<br><br>MEMORANDUM OPINION AND ORDER<br><br>(Social Security Case) |

    This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

    Plaintiff raises the following issue:

    1.    Whether the Administrative Law Judge ("ALJ") failed to

        properly consider if Plaintiff meets or equals Listing 1.04.

    This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

I

**<u>PLAINTIFF FAILED TO PROVE THAT SHE MEETS OR EQUALS LISTING 1.04</u>**

    In her single issue, Plaintiff contends that the ALJ failed to properly consider if she meets or equals Listing 1.04. This Listing is entitled "Disorders of the Spine" and it provides that a claimant must meet specifically identified criteria.

    The ALJ determined that Plaintiff has severe impairments consisting of the following: a severe back impairment and obesity. (AR 17, Finding 3.) At Step Three of the sequential evaluation process, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of any of the Listings. (AR 17, Finding 4.) At Step Four, the ALJ determined Plaintiff's residual functional capacity ("RFC"). (AR 18, Finding 5.) The ALJ determined that although Plaintiff is unable to perform any of her past relevant work, at Step Five, certain identified occupations with jobs existing in significant numbers in the national economy which can be performed by Plaintiff within the limitations of her RFC. (AR 21, Finding 10.)

    The ALJ engaged in an extensive discussion and summary of the medical evidence, including the results of an examination by a Qualified Medical Examiner ("QME") in conjunction with Plaintiff's workers compensation claim; the results of a consultative orthopedic

examination; and the findings of a consultative internal medicine examination. (AR 18-19.) In addition, the ALJ considered Plaintiff's testimony at the hearing. (AR 20.)

It is fundamental in Social Security litigation that a plaintiff who alleges that she meets or equals one of the Listings must meet her burden of proving this contention. See Burch v. Barnhart, 400 F.3d 676, 683 (9th Cir. 2005); see also 20 C.F.R. §§ 404.1526(b), 404.1529(d)(3), 416.926(b), 416.929(b). Thus, Plaintiff's contention that the ALJ erred by failing to specifically identify and discuss Listing 1.04 is erroneous. Rather, it is the ALJ's obligation to fully discuss the evidence to determine if Plaintiff meets or equals any of the Listings. This was in fact done.

As to whether or not Plaintiff has met her burden, the answer is that she has not. According to the requirements set out in Listing 1.04, she must demonstrate evidence of nerve root compression; or spinal arachnoiditis; or lumbar spinal stenosis resulting in pseudoclaudication. Plaintiff has not met this burden by virtue of her citation to evidence of back pain; tenderness and moderate muscle spasms as well as well as some limited range of motion; mild disc protrusion; the performance of a right lumbar differential diagnostic facet block; or some sensory loss indicated in bilateral upper extremities, hands, bilateral lower extremities and feet as well as notations of edema/swelling and palpation pain/muscle spasms. (See JS at 5.)

Although the Court considers Plaintiff's issue to be the one identified in her "Statement of Disputed Issues" (see JS at 3), nevertheless, Plaintiff offers some suggestion that the ALJ should have found a severe neck impairment. The evidence, however, is that

3

Plaintiff's neck pain, which the ALJ acknowledged, relates to a severe back impairment, which the ALJ did find. In any event, the ALJ did consider the functional effect of all of Plaintiff's impairments, whether they were severe or non-severe. There is no indication by Plaintiff how her neck impairment provided further functional limitations than assessed by the ALJ.

Further, Plaintiff does not contend that the ALJ failed to consider and factor in her obesity. No issue is raised specifically with regard to obesity and its impact on Plaintiff's functional abilities.

In sum, this is simply a case where Plaintiff has failed to meet her burden of establishing that she meets or equals a Listing, such as Listing 1.04. Although Plaintiff focuses on ambulation, and underlines portions of Listing 1.00B2b(1), (2), she has not demonstrated that she has an inability to ambulate effectively within the definition provided in that portion of the Listings. In fact, none of the findings either of the QME, the consultative orthopedic examiner, or the internal medicine orthopedic examiner establish that Plaintiff meets the ambulatory limitations required of the Listing.

The decision of the ALJ will be affirmed. The Complaint will be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: October 27, 2014                    /s/
                                           VICTOR B. KENTON
                                           UNITED STATES MAGISTRATE JUDGE